CROZIER, Respondent, v. READ, Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1896.) Action by Sophia Crozier against George R. Read. Joseph P. Daly, for appellant. Frederick W. Sherman, for respondent.

PER CURIAM. This is an action to recover damages for personal injuries sustained from a collision of one of defendant's horses with a wagon which the plaintiff was driving. On a previous trial there was a nonsuit. On appeal it was held by the late general term that the case should have been submitted to the jury, and the judgment entered on the nonsuit was reversed. 78 Hun, 181, 28 N. Y. Supp. 914. In the opinion there delivered by Mr. Justice Pratt we entirely concur. The facts as disclosed on the last trial do not vary materially from those presented at the former trial. The decision of the general term must, therefore, control the disposition of this appeal. We think it is too clear to require extended discussion that one aspect of the case presented a question of negligence for the jury. If the horses of the defendant were prancing across the road before the defendant's

servant met the plaintiff's vehicle, the jury might well have found that the defendant's driver should have passed plaintiff's vehicle at a distance sufficiently great to avoid any chance of the led horse colliding with the vehicle. In fact, from the number of reported cases in which accidents have arisen from this cause, and from our own observation, it would seem that there is generally danger of a led horse swerving, and the jury might find that it was the duty of one leading a horse through a village or city street to have this danger in mind, and to take care to avoid collisions from this cause. When the plaintiff saw the horses approaching, she sought to escape an accident by driving along the extreme right of the highway. Had the defendant's servant taken the same precaution, and gone well to his side of the road, which was clear of obstruction, the accident would not have happened. The judgment and order appealed from should be affirmed, with costs.